UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tenacious T Trust, | Case No. 25-cv-1080 (ECT/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Stanley C. Middleman, Freedom Mortgage Corp., Chuck Williams (*a.k.a. Charles*), and Northpointe Bank Bancshares Inc., | |
| Defendants. | |

On March 24, 2025, Plaintiff Tenacious T Trust filed a self-styled complaint titled, "Notice of Affidavit Quiet Title Claim" ("Complaint") (ECF No. 1), alleging that certain financial institutions' claims have created a cloud on the rightful title of the Tenacious T Trust (the "Trust") to certain property located in Brooklyn Park, Minnesota. (*See id.* at 1, 3.) The Trust requests a judicial declaration confirming its ownership of the property and an injunction barring the Defendants from asserting adverse claims. (*See id.* at 3.) The Complaint is signed by Troy Smith, who identifies himself as the Trust's "trustee", but who does not appear to be an attorney.

On March 26, 2025, the Court ordered counsel for the Trust to enter an appearance by April 15, 2025, failing which it would recommend dismissing this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute ("March Order") (ECF No. 10). The Court explained that because a non-attorney cannot represent other individuals or entities in federal court, the Trust must obtain proper counsel. (*Id.,* citing. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (citing cases); *Aspley v. Walz*, No. 22-CV-2005 (PJS/JFD),

2023 WL 1071550, at *2 (D. Minn. Jan. 27, 2023) (citing Jones), *aff'd*, No. 23-1567, 2023 WL 9113960 (8th Cir. June 20, 2023).)

On April 14, 2025, the Trust filed a self-styled *Notice of Special Appearance*, again appearing to assert Troy Smith as its representative ("Notice") (ECF No. 14). The Notice states that as the Trust's trustee, Mr. Smith's "appearance is made strictly for the purpose of asserting procedural and substantive rights and is not to be construed as a general appearance or consent to the jurisdiction of the Court." (*Id.*) Because the Trust did not comply with the Court's March Order and still lacks proper counsel,[1] the Court recommends that this matter be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this matter be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: April 16, 2025

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

---

[1] Any such counsel would have to be admitted to practice in federal court in the District of Minnesota.